**Marshall Meyers (020584)**
**WEISBERG & MEYERS, LLC**
**5025 North Central Ave., #602**
**Phoenix, AZ 85012**
**602 445 9819**
**866 565 1327 facsimile**
**mmeyers@AttorneysForConsumers.com**
**Attorney for Plaintiff**

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frank Sapone, | Case No. |
| Plaintiff, | **COMPLAINT AND TRIAL BY JURY DEMAND** |
| vs. | |
| Law Office of James R. Vaughn, PLLC and RJF Financial, LLC, | |
| Defendants. | |

## NATURE OF ACTION

1.  This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.  Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendants' transact business in this district.

**PARTIES**

4. Plaintiff, Frank Sapone ("Plaintiff"), is a natural person who at all relevant times resided in the State of Arizona, County of Pima, and City of Oro Valley.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Law Office of James R. Vaughn ("JRV") is an entity which all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. JRV is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant, RJF Financial, LLC, ("RJF") is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of attempting to collect a debt from Plaintiff.

9. RJF is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

10. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than JRV.

11. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than JRV, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

12. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than JRV.

13. JRV uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

14. RJF purchases debts once owed or once due, or asserted to be once owed or once due a creditor.

15. RJF acquired Plaintiff's debt once owed or once due, or asserted to be once owed or once due a creditor, when the debt was in default.

16. RJF is thoroughly enmeshed in the debt collection business, and RJF is a significant participant in JRV's debt collection process.

17. Defendant JRV, itself and on behalf of Defendant RJF, falsely represented that Plaintiff owed an alleged debt in the amount of $3,082.89 that results from a credit card account that was solely in Plaintiff's wife's name.

18. Plaintiff has at no time entered into a contract with regard to said credit card, which was obtained by Plaintiff's spouse in Florida, a separate property state and remained the separate property of Plaintiff's wife upon Plaintiff and his wife moving to the state of Arizona. (15 U.S.C. §§ 1692e(2)(A), 1692e(10)).

**COUNT I—VIOLATIONS OF THE FDCPA
DEFENDANT JRV**

19. Plaintiff repeats and re-alleges each and every allegation above.

20. Defendant JRV violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that JRV violated the FDCPA;

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT II—VIOLATIONS OF THE FDCPA
### DEFENDANT RJF

21. Plaintiff repeats and re-alleges each and every allegation above.

22. Defendant RJF violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that RJF violated the FDCPA;

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

23. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 21st day of December, 2010

By: s/ Marshall Meyers
Marshall Meyers (020584)
WEISBERG & MEYERS, LLC
5025 North Central Ave., #602
Phoenix, AZ 85012
602 445 9819
866 565 1327 facsimile
mmeyers@AttorneysForConsumers.com
Attorney for Plaintiff